# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**BRUCE ANTHONY LIEDER,**

      **Plaintiff,**

      v.                                              Case No. 18-CV-1615

**JOHN E. LITSCHER,** *et al.*,

      **Defendants.**

---

## ORDER

---

Plaintiff Bruce Anthony Lieder, a Wisconsin state prisoner who is representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that his constitutional rights were violated while he was an inmate at Fox Lake Correctional Institution. The court screened his complaint and found that it did not state a claim upon which relief could be granted. It gave Lieder the opportunity to amend his complaint, and Lieder has done so. The court has jurisdiction to screen Lieder's amended complaint based on the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court. Because the complaint is still deficient, the court

will afford Lieder one final opportunity to amend his complaint. If the second amended complaint does not state a claim, the court will dismiss this case.

*Screening of the Amended Complaint*

The court is required to screen complaints, including amended complaints, brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The court is obliged to give a plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*The Amended Complaint's Allegations*

Lieder is an inmate at Fox Lake Correctional Institution. He is suing John E. Litscher, Randall Hepp, Chris Krueger, C. Whitman, Robert Franks, Julie Ludwig, Pete Gullum, Randy Mattison, J. LaBelle, Steven L. Sisbach, John Maggioncalda, T. Kiser, Steve Bethke, William Weisensel, David Barkhahn, and John Does based on allegations that they were all deliberately indifferent to the fact that the water at Fox Lake is contaminated with toxins. He alleges that they know about the water and have failed to take action or reasonable measures to eliminate the lead, copper, and other contaminants.

*Analysis*

As the court previously explained, Section 1983 is a personal liability statute. Only public employees who are personally responsible for a constitutional violation can be found liable under the statute. *Burks v. Raemisch*, 555 F.3d 592, 595-96 (7th Cir. 2009). That means that Lieder needs to allege how *each* individual defendant violated his rights, not just make a broad statement that all of the defendants violated his rights. Lieder should specifically allege what role each defendant had in failing to fix the water at Fox Lake. As to each defendant, he should identify those facts of which he is aware that suggest that that particular defendant knew that the water contained lead, copper, and other contaminants, and how that particular defendant failed to act. If Lieder

wishes to continue with this case, he must file a second amended complaint no later than **February , 2019**.

The second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint." The second amended complaint supersedes the prior complaints and must be complete in itself without reference to the previous complaints. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted). If Lieder files a second amended complaint, the court will screen it pursuant to 28 U.S.C. § 1915A.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that if Lieder wishes to proceed with this lawsuit, he should file a second amended complaint using the prisoner complaint form following the instructions above, no later than **February 26, 2019**. If the second amended complaint fails to state a claim upon which relief can be granted, the court will dismiss his case.

**IT IS FURTHER ORDERED** that Lieder shall submit all correspondence and legal material to :

        Office of the Clerk
        United States District Court

4

Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Lieder advised that failure to make a timely submission will result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 7th day of February, 2019.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge